MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JONATHAN NOBLE, an individual, and GSS
INTERNATIONAL MNG LLC, a California
Limited Liability Company,

                Plaintiffs,

v.                                                Case No. 6:10-CV-01331-JA-DAB

BRENT BALDASARE, PAUL FLESH, WHITNEY
HARP, ANDREW SHUMWAY, J.W. STEPHENS, and
LEON SACCO, individually,

                Defendants.
_____/

## DEFENDANT'S LEON SACCO'S ANSWER AND AFFIRMATIVE DEFENSES

Comes now DEFENDANT, LEON SACCO, an individual, by and through the undersigned attorney, files this Answer and Affirmative Defenses to Plaintiffs' Complaint, and states as follows:

1. Unknown and therefore denied.

2. Unknown and therefore denied.

3. Unknown and therefore denied.

4. Unknown and therefore denied.

5. Unknown and therefore denied.

6. Unknown and therefore denied.

7. Unknown and therefore denied.

8. Denied that Defendant Sacco resides in the Middle District but admitted as to the remainder of this paragraph.

9. Admitted to the extent that this is an action pursuant to 28 U.S.C. §1332(a) but deny that there is a right to such damages.

10. Unknown and therefore denied.

11. Unknown and therefore denied.

12. Unknown and therefore denied.

13. Denied.

## COMMON ALLEGATIONS

14. Unknown and therefore denied.

15. Unknown and therefore denied.

16. Unknown and therefore denied.

17. Unknown and therefore denied.

18. Unknown and therefore denied.

19. Unknown and therefore denied except to the extent that there appear to be signatures on the document attached to the Complaint as Exhibit A.

20. Admitted to the extent that the document says what it says but denied to the extent that it is legally enforceable.

21. Admitted to the extent that the document says what it says but denied as to the remainder.

22. Denied.

23. Admitted to the extent that the document says what it says.

24. Admitted to the extent that the document says what it says.

## COMMON ALLEGATIONS - PLAINTIFF GSS INTERNATIONAL

25. Unknown and therefore denied

26. Denied.

27. Unknown and therefore denied.

28. Unknown and therefore denied.

29. Unknown and therefore denied.

30. Unknown and therefore denied.

31. Unknown and therefore denied.

32. Admitted to the extent that the document says what it says but denied to the extent that it is legally enforceable.

33. Admitted to the extent that the document says what it says but denied as to the remainder.

34. Admitted to the extent that the document says what it says.

35. Admitted to the extent that the document says what it says.

36. Admitted to the extent that the document says what it says.

## COUNT I – BREACH OF GUARANTY (NOBLE)

37. Defendant's responses to paragraphs 1 through 24 are set forth as if fully stated herein.

38. Admitted.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Appears to be numbered inadvertently; however, denied.

### COUNT II –BREACH OF GUARANTY (GSS INTERNATIONAL)

44. Defendant's responses to paragraphs 1 through 13 and 25-36 are set forth as if fully stated herein

45. Admitted.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

### AFFIRMATIVE DEFENSES

1. **FIRST AFFIRMATIVE DEFENSE AS TO BOTH PLAINTIFFS**

    The allegations set forth by Plaintiff are insufficient to demonstrate a breach of the underlying agreement has occurred which would trigger Plaintiffs' right under the guarantee if they had any.

2. **SECOND AFFIRMATIVE DEFENSE AS TO BOTH PLAINTIFFS**

    The purported guarantees are void as they are undated and unproven. Their unreliability is further demonstrated by the fact that the second does not include what individual or entity Defendants were entering into the purported guarantee with and the first had Dr. Noble's name written in after the Defendants' signed it.

3. **THIRD AFFIRMATIVE DEFENSE AS TO BOTH PLAINTIFFS**

   As according to the allegations Plaintiffs still own the lot in question they cannot obtain full recovery or they will be unjustly enriched.

4. **FOURTH AFFIRMATIVE DEFENSE AS TO BOTH PLAINTIFFS**

   Plaintiffs have failed to mitigate damages.

5. **FIFTH AFFIRMATIVE DEFENSE AS TO BOTH PLAINTIFFS**

   As the purported "buy back" agreement in question is not attached as an exhibit there is not enough alleged to determine whether Plaintiffs have a viable cause of action against Defendant Sacco. It is unknown if he signed the "buy back" or if a company that he was affiliated with in any way signed the agreement which would be necessary to collect under the guarantee.

6. **SIXTH AFFIRMATIVE DEFENSE AS TO BOTH PLAINTIFFS**

   Plaintiffs' allegations involve B&T Bank which may or may not have rights to collect under the guarantees attached as Exhibits A and B to Plaintiffs' Complaint. Further there are insufficient allegations to demonstrate that Dr. Noble and GSS are the only parties which may allege they have a right to collect under the guarantees attached as Exhibits A and B to Plaintiffs' Complaint. Therefore, it is possible Defendant will be subject to multiple claims of the same nature which could be inconsistent. Further a verdict for Plaintiffs may also prevent other parties with an interest from collection. Therefore the case should be dismissed to require Plaintiffs to plead there are no other parties in interest.

## CERTIFICATE OF SERVICE

I certify that on December 6, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that there were no non-CM/ECF participants known to me.

S/Jennifer A. Englert
Jennifer A. Englert
Florida Bar No. 180297
Attorney for Defendant Leon Sacco
ENGLERT, LEITE & MARTIN, PL
3564 Avalon Park Blvd E. Ste. 1 # 266
Orlando, Florida 32828
Tel. (407) 512 4394
Fax (407) 982-7250
E-mail: jenglert@elmattorneys.com
